**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Meloniece M Dukes, | No. CV-25-04480-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Temps Plus Incorporated, | |
| Defendant. | |

On December 4, 2025, Plaintiff Meloniece Dukes filed this action along with an Application to Proceed In Forma Pauperis ("IFP"). (Docs. 1, 2.) Dukes' IFP application will be denied.

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Dukes' IFP application indicates that she is 38 years old and has three dependents, all under the age of eighteen. (Doc. 2 at 3, 5.) It states that Dukes has a total monthly income of $4,158 in disability income, owns a 2017 Land Rover valued at $15,000, and that her monthly expenses total $2,850. (*Id.* at 2–5.) Dukes income thus exceeds her expenses by $1,308 each month. On the face of Dukes' IFP application, it appears that she can pay the filing fees and still afford the necessities of life, and the Court will therefore

deny Dukes' IFP application.

Additionally, the Court notes that Dukes' reports of her financial status "have varied widely over recent months." *Dukes v. United States*, 25-cv-1124-PHX-JFM, (D. Ariz. May 9, 2025) (Doc. 10) (order denying Dukes' IFP application and comparing her contradictory statements regarding her financial status in nine different cases in the District of Arizona). In April 2025, for example, she stated she was 27 years old with no dependents; had a monthly income of $4,587 in retirement income; a home valued at $750,000; and two vehicles valued at $14,000 and $40,000. (*Id.* at 2.) The inconsistencies in Dukes' various IFP applications undermine the credibility of her assertions in the application now before the Court. Dukes is reminded that her IFP applications are made under penalty of perjury and making a false statement in them may result in dismissal of her claims, or in prosecution for perjury.

Regardless, because Duke's application fails to demonstrate that she is unable to pay the Court's filing fees, it will be denied.

Accordingly,

**IT IS ORDERED** that Dukes' IFP Application (Doc. 2) is **DENIED**. Dukes shall pay the filing fee by no later than **Tuesday, December 23, 2025**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter dismissal of this action without further notice if Plaintiff fails to pay the filing fee by **December 23, 2025**.

Dated this 11th day of December, 2025.

Honorable Sharad H. Desai
United States District Judge